**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4099-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WILLY MINAYA,

    Defendant-Appellant.

_____

> Submitted November 15, 2021 – Decided December 3, 2021
>
> Before Judges Rothstadt and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 13-07-0664.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).
>
> Andrew J. Bruck, Acting Attorney General, attorney for respondent (Regina M. Oberholzer, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Willy Minaya appeals from a March 30, 2020 order denying his petition for post-conviction relief without an evidentiary hearing. We affirm.

Defendant was convicted of robbery. The facts underlying defendant's conviction are stated in State v. Minaya, No. A-2854-15 (active June 27, 2018). We affirmed defendant's conviction on direct appeal. Id. at 9. The New Jersey Supreme Court denied defendant's petition for certification. State v. Minaya, 236 N.J. 467 (2019).

We recount the facts relevant to the PCR issues raised in this appeal. Prior to trial, one of the arresting officers testified during a Wade[1] hearing. Officer Rafael Campos testified he recognized defendant from a prior incident involving a stolen car occurring two weeks before the robbery. However, there were no police records or any other records reflecting the stolen car incident or prior encounters between the officer and defendant.

The State sought to use the officer's testimony to support defendant's identification in connection with the robbery and proposed sanitizing the testimony to reflect that Officer Campos knew defendant "from the community." Defendant's trial counsel rejected the State's suggested sanitization of the

---

[1] United States v. Wade, 388 U.S. 218 (1967).

officer's testimony because counsel believed it would be advantageous to defendant to have the officer testify to the prior encounter and exploit inconsistencies in the officer's written police report and his testimony. During the trial, defense counsel vigorously cross-examined Officer Campos about the alleged prior encounter with defendant two weeks before the robbery.

Defense counsel called co-defendant Emmanuel Rodriguez as a trial witness. Rodriguez previously admitted to robbing the victim and elected to plead guilty rather than proceed to trial. On direct examination, Rodriguez explained defendant did not participate in the robbery. However, on cross-examination, the prosecutor elicited inconsistent testimony in which Rodriguez stated he and defendant collectively planned the robbery and defendant had possession of the weapon used in the robbery. On cross-examination, Rodriguez testified that defendant asked him to lie to the jury.

On February 5, 2015, a jury found defendant guilty of first-degree robbery, N.J.S.A. 2C:15-1(a) (2) and N.J.S.A. 2C:2-6 (count one), fourth-degree theft, N.J.S.A. 2C:20-3(a) (count two), and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count three). On count one, which the judge merged with counts two and three, defendant was sentenced to eighteen years in prison with an eighty-five percent parole disqualifier followed

A-4099-19

by five years of parole supervision pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

On March 27, 2019, defendant filed a pro se notice of petition for post-conviction relief, alleging his trial counsel provided ineffective assistance during the trial. The court appointed counsel to represent defendant in the PCR matter and assigned counsel filed an amended petition.

On January 30, 2020, Judge Adam Jacobs heard counsels' arguments on the PCR petition. In a March 30, 2020 order and attached letter decision, the judge denied defendant's petition without an evidentiary hearing. In his eleven-page written decision, the judge found defense counsel was not ineffective and, in fact, rendered highly skilled and competent legal services and pursued a reasonable trial strategy on defendant's behalf.

On appeal, defendant raises the following arguments:

> DEFENDANT'S CONVICTIONS MUST BE REVERSED DUE TO TRIAL COUNSEL'S INEFFECTIVENESS OR, IN THE ALTERNATIVE, THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF COUNSELS' INEFFECTIVENESS (Partially Raised Below).
>
> A. Trial Counsel Had Co-Defendant Rodriguez, Who Incriminated Defendant, Testify As a Defense Witness.

A-4099-19

B. Trial Counsel Consented to Other-Crimes Evidence Involving Defendant And/Or Consented To The Absence Of A Limiting Instruction.

C. PCR Counsel Failed to Raise Trial Counsel's Ineffectiveness As to Consenting To The Absence Of A Limiting Instruction Regarding Other-Crimes Evidence.

We reject defendant's arguments and affirm for the reasons set forth in the comprehensive and well-written decision authored by Judge Jacobs.

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). To establish a prima facie claim of ineffective counsel, defendant must show: (1) counsel's performance was objectively deficient; and (2) counsel's deficient performance prejudiced defendant to the extent he was deprived of his right to a fair trial. State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the United States Supreme Court's two-prong test in Strickland v. Washington, 466 U.S. 668, 687 (1984)). Prejudice means "a reasonable probability" the deficient performance "materially contributed to defendant's conviction." Ibid.

To meet the burden of establishing ineffective assistance of counsel, defendant "must do more than make bald assertions." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant must "allege facts sufficient

to demonstrate counsel's alleged substandard performance." Ibid. Even if there is a showing of deficient counsel, "defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (quoting State v. Preciose, 129 N.J. 451, 463 (1992)).

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 157 (quoting Strickland, 466 U.S. at 689). "The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (citing State v. Marshall, 123 N.J. 1, 165 (1991)). A decision will not be overturned merely because a defendant is dissatisfied with counsel's judgment. State v. Allegro, 193 N.J. 352, 367 (2008) (citing Strickland, 466 U.S. at 314).

Merely raising a PCR claim does not entitle a defendant to relief or an evidentiary hearing. See Cummings, 321 N.J. Super. at 170. Trial courts should only grant an evidentiary hearing if the defendant presented a prima facie case of ineffective assistance of counsel, material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b).

A-4099-19

"If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . then an evidentiary hearing need not be granted."  Brewster, 429 N.J. Super. at 401 (quoting Marshall, 148 N.J. at 158).

We first address defendant's claim his trial counsel was ineffective in calling co-defendant Rodriguez to testify at trial.  "Determining which witnesses to call to the stand is one of the most difficult strategic decisions that any trial attorney must confront."  State v. Arthur, 184 N.J. 307, 320 (2005).  As such, "a defense attorney's decision concerning which witnesses to call to the stand is 'an art,' and a court's review of such a decision should be 'highly deferential.'"  Id. at 321 (citation omitted) (quoting Strickland, 466 U.S. at 689, 693).  Generally, "strategic miscalculations or trial mistakes are insufficient to warrant reversal 'except in those rare instances where they are of such magnitude as to thwart the fundamental guarantee of [a] fair trial.'"  Castagna, 187 N.J. at 315 (quoting State v. Buonadonna, 122 N.J. 22, 42 (1991)).

Here, prior to calling Rodriguez as a witness, and recognizing the potential risk in doing so, defense counsel questioned defendant on the record.  The following colloquy ensued:

A-4099-19

> [Trial Counsel]:  Do . . . you understand . . . why I thought that doing so could be helpful to us.  Is that correct?
>
> Defendant:  Yes.
>
> [Trial Counsel]:  I . . . I also explain[ed] to you that there could be some drawbacks?  That there . . . could be some danger or problems with doing that?
>
> Defendant:  Yes.
>
> [Trial Counsel]:  And specifically, did I mention to you one of those things would be . . . that Mr. Rodriguez is going to indicate that you were involved in this robbery in one extent or another.  Do you understand that?
>
> Defendant:  Yes.

After this questioning, defense counsel asked if defendant still wanted Rodriguez to testify.  Defendant answered affirmatively.

On the record, defense counsel acknowledged to the judge there were the risks associated with Rodriguez's testifying at trial and counsel "underst[ood] that there are pros and cons to this."  Counsel also informed the judge that defendant had "absolute veto power" if "he had any reservations about it at all."

Defense counsel used his examination of Rodriguez during closing argument effectively.  In his summation, defense counsel portrayed Rodriguez as an unreliable witness and asked the jury to disregard his testimony.  Defendant's trial counsel explained to the jury:

A-4099-19

I called Mr. Rodriguez to testify not because I expected him to be beneficial to my case. I knew the deal he made with the State. I knew he claimed that [defendant] was with him when this incident happened. I knew that to get his deal, he would have to continue to say that. But I ran the risk of you hearing that information from him because I trusted that you wouldn't put any credence into it.

Having reviewed the record, we are satisfied Judge Jacobs properly denied defendant's PCR petition. Trial counsel chose a high-risk strategy after considering the pros and cons and discussing the matter with defendant. While the defense strategy was unsuccessful based on defendant's conviction, informed strategic choices by counsel "are virtually unchallengeable." Strickland, 466 U.S. at 690. Here, trial counsel may have miscalculated, but it did not deprive defendant of a fair trial.

For the same trial strategy reasons, we reject defendant's argument his trial counsel was ineffective in failing to object or request a limiting instruction on "other-crimes" testimony involving defendant. We note this argument was not presented to the PCR judge. However, we elect to address the argument.

A defendant's "strategic decision" not to contest the admissibility of evidence does not create reversible error. State v. Lassiter, 197 N.J. Super. 2, 9 (App. Div. 1984). Frequently, refraining from objecting to the introduction of

evidence is viewed as a "tactical decision" by trial counsel. State v. Harper, 128 N.J. Super. 270, 277 (App. Div. 1974).

Here, the State called Officer Campos during the Wade hearing. The officer testified he recognized defendant from a prior incident involving a stolen car two weeks before the robbery. However, there were no records relating to the stolen car incident or any records reflecting a prior encounter between the officer and defendant.

Defendant's trial counsel believed Officer Campos's testimony worked to defendant's advantage, explaining to the judge:

> [Trial Counsel]: And although I would recognize that in a lot of situations, I would be looking to sanitize this type of matter in the manner that we're talking about, I would say to the [c]ourt that if -- if the State at all is going to attempt to elicit from Officer Campos a familiarity with my client from before this incident to bolster his identification of my client afterwards, I . . . don't mind that he's going to testify to the extent that he had testified at the pretrial hearing.
>
> The Court: Right. Because you want to use that to –
>
> [Trial Counsel]: Yes.
>
> The Court: — to raise reasonable doubt.
>
> [Trial Counsel]: Yes.
>
> The Court: That's why he doesn't want the charge, even.

A-4099-19

[Trial Counsel]: Because there's no — there would be no report regarding it. I can argue, perhaps –

The Court: You . . . can exploit it.

The next day, after "giv[ing] it a lot of thought," defense counsel reiterated his intent regarding the officer's identification testimony despite "recogniz[ing] the dangers." The judge told defense counsel he would normally issue a sua sponte limiting instruction but understood the decision to allow the testimony was strategic and, therefore, the judge would defer to defense counsel. Defense counsel advised he would forego a limiting instruction unless Officer Campos's trial testimony differed from the testimony anticipated by defense counsel.

At trial, defense counsel vigorously cross-examined Officer Campos, eliciting testimony that despite the officer recognizing defendant from a prior encounter two weeks earlier, defendant's name and identity were not contained in the officer's written report about the robbery. Similarly, defense counsel cross-examined the other arresting officer about Officer Campos's failure to mention knowing defendant from a prior incident two weeks earlier.

Based on cross-examination of the officers, in closing argument, defense counsel attacked Officer Campos's credibility based on the inconsistencies between his written report and trial testimony. Specifically, defense counsel challenged the officer's ability to remember defendant from an incident two

11

weeks prior to robbery "[a]ll of a sudden . . . two and a half years later." Defense counsel remarked to the jury "if that doesn't cause you . . . some concern about the credibility of Officer Campos, then nothing will. And his credibility is going to be very important in the only important aspect of this case that in any way ties my client to this crime . . . ."

While defense counsel's litigation tactic did not result in defendant's acquittal, the strategy was not constitutionally deficient. As the PCR judge noted, given the overwhelming evidence against defendant, defense counsel's closing argument was "masterful."

Despite not raising the issue before the PCR judge, we elect to address defendant's argument his trial counsel was ineffective by foregoing a limiting instruction to the jury on the other-crime evidence. Because this issue was not presented to the PCR judge, we review the matter for plain error to ascertain if the alleged failure of counsel was "clearly capable of producing an unjust result." R. 2:10-2. Counsel had strategic reasons for not seeking a limiting instruction. In fact, defense counsel explained to the judge why he declined the offer of a limiting instruction on the other-crime evidence. Here, defendant's attorney pursued reasonable trial strategies considering the overwhelming

12

evidence against defendant and his litigation tactics were an objectively reasonable exercise of counsel's professional judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4099-19